Ma... e Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | SITTING JUDGE IF OTHER THAN ASSIGNED JUDGE | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4604 | **DATE** | MAY 12, 2004 |
| **CASE TITLE** | MIGDALIA TEVENAL, etc. v. COMMISSIONER OF SOCIAL SECURITY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment [18-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff affirming the decision of the Commissioner of Social Security. If plaintiff wishes to appeal this order, she must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | 2 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAY 1 4 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 22 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | 5/10/2004 | |
| | | 2004 MAY 13 PM 12:15 | | date mailed notice | |
| cw | courtroom deputy's initials | | | mqm | |
| | | Date/time received in Central Clerk's Office | | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 1 4 2004

MIGDALIA TEVENAL, mother, on ) 
behalf of Michael Gribsby, )
minor child, )
 )
               Plaintiff, )
 )
v. ) No. 03 C 4604
 )
COMMISSIONER OF SOCIAL )
SECURITY, )
 )
               Defendant. )

## MEMORANDUM OPINION AND ORDER

In 2001, Migdalia Tevenal applied for Supplemental Security Income payments on behalf of her minor son, Michael Grigsby, who was born in August 1987. There is no dispute that Grigsby suffers from congenital adrenal hyperplasia ("CAH"), which is fatal if not properly treated with medications. Grigsby also has some hearing loss in one ear and uses a hearing aid. At the time of the hearing, he was 14 years old, of normal height and weight, and his condition, having been discovered when he was 12 days old, was controlled by medication.

According to the National Institute of Health's MedlinePlus encyclopedia:

> Congenital adrenal hyperplasia refers to a group of inherited disorders relating to the adrenal glands, characterized by a deficiency in the hormones cortisol and aldosterone and an overproduction of androgen.
> The different types of adrenogenital syndrome are inherited as autosomal recessive

diseases and can affect both boys and girls. The
defect is lack of an enzyme needed by the adrenal
gland to make the major steroid hormones of the
adrenal cortex: cortisol and aldosterone. Due
to the block in synthesis of these hormones,
there is abnormal 'feedback' and steroids are
'diverted' to becoming androgens, a form of male
sex hormones. This causes early appearance of
male characteristics.

\* \* \*

In a newborn boy no obvious abnormality is
present, but long before puberty normally occurs,
the child becomes increasingly muscular, the
penis enlarges, pubic hair appears, and the voice
deepens. Affected males may appear to enter
puberty as early as 2-3 years of age. At puberty,
the testes are small.

Some forms of congenital adrenal hyperplasia
are more severe and cause adrenal crisis in the
newborn due to salt wasting. In this salt-losing
form of congenital adrenal hyperplasia, newborns
develop symptoms shortly after birth. These
include vomiting, dehydration, electrolyte
changes, and cardiac arrhythmias. Untreated,
this condition can lead to death within 1-6 weeks
after birth.

About 1 in 10,000 to 18,000 children are
born with congenital adrenal hyperplasia.

\* \* \*

The goal of treatment is to return
hormone levels to normal. This is achieved
by daily administration of forms of cortisol:
dexamethasone, fludrocortisone, or
hydrocortisone. Additional doses of medicine are
required during times of stress such as severe
illness or surgery.

\* \* \*

The outcome is usually associated with good
health, but short stature may result even with
treatment. Males have normal fertility. . . .
Medication to treat this disorder must be
continued for life.

http://www.him.hih.gov/medlineplus/ency/article/000411.htm.

A hearing was held before an administrative law judge

("ALJ"). The ALJ found that Grigsby had CAH and the hearing loss

- 2 -

and that both constituted a severe impairment. However, the ALJ found that Grigsby was not entitled to benefits because the impairments did not meet or equal any listed impairment. Consistent with applicable regulations, the ALJ considered the six functional equivalence domains and did not find a sufficient limitation that would qualify Grigsby for benefits. The Appeals Council denied review.[1]

Tevenal, who is proceeding without the assistance of an attorney, does not make any argument challenging the findings of the ALJ. Because Tevenal is proceeding *pro se* and acting for the benefit of a minor, the court has also independently examined the record and has determined that the ALJ's findings are supported by substantial evidence. No possibly questionable legal issue or factual finding has been found that would justify appointing counsel to present further argument on plaintiff's behalf.

Tevenal concedes that Grigsby "does attend school everyday and does well in some classes and needs tutor[ing] in other classes, just like a lot of students his age. He also does a lot of things for himself, does chores around the house, [and] has attitude like most teenagers." Tevenal argues,

---

[1] Although defendant's pending motion is denominated as one for summary judgment, before the court is administrative review of the determination of the Commissioner of Social Security. The usual requirement to advise a *pro se* party regarding summary judgment procedures, *see* N.D. Ill. Loc. R. 56.2, is not applicable to the present situation.

though, that Grigsby must take medications everyday for the rest of his life in order to live and grow normally and also must wear a hearing aid. She contends that this necessarily means that he is disabled. However, under the applicable statutes and regulations, a child who, with medications or treatment, has the functional capacity to perform an adequate level of pertinent tasks and activities is not entitled to disability benefits. See 20 C.F.R. §§ 416.924a(b)(9), 416.929(c)(3)(iv); Booker-Shelton ex rel. Booker-Morgan v. Barnhart, 266 F. Supp. 2d 818, 819-20 (N.D. Ill. 2003); Kittles ex rel. Lawton v. Barnhart, 245 F. Supp. 2d 479, 488 (E.D.N.Y. 2003); Smith ex rel. Enge v. Massanari, 139 F. Supp. 2d 1128, 1133 (C.D. Cal. 2001). Here, the ALJ adequately considered Grigsby's ability to perform tasks and activities while on the medications that he takes.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [18-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff affirming the decision of the Commissioner of Social Security. If plaintiff wishes to appeal this order, she must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South

Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MAY 12, 2004

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| MIGDALIA TEVENAL | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 03 C 4604 |
| COMMISSIONER OF SOCIAL SECURITY | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted. Judgment is entered in favor of defendant Commissioner of Social Security and against plaintiff Migdalia Tevenal affirming the decision of the Commissioner of Social Security.

Michael W. Dobbins, Clerk of Court

Date: 5/12/2004

*Carol Wing* 
Carol Wing, Deputy Clerk